310 P.2d 1042

Goree K. ALLISON and Josie R. Allison, his wife, Plaintiffs-Appellees,

v.

Eula P. CURTIS (also known as Mrs. I. N. Curtis), Defendant-Appellant.

No. 6180.

Supreme Court of New Mexico.
May 6, 1957.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

J. R. Wrinkle, Silver City, for appellees.

COMPTON, Justice.

Appellees instituted this action in the usual statutory form to quiet title to realty situated in Catron County. Appellant en-

tered a general denial, and pleading further, she alleged that the premises were community property of herself and I. N. Curtis, formerly her husband. Issue was joined and at the conclusion of the trial, the court found generally in favor of appellees. Judgment was entered accordingly and appellant is here seeking a review of alleged errors.

The court made numerous findings of fact, which are not attacked. Hence, the findings are the facts upon which we will review the judgment.

The pertinent findings are:

"1. That on December 21, 1938, a property settlement agreement previously entered into by and between I. N. Curtis and Eula P. Curtis (the defendant in this action), was filed for record in the office of the Clerk of Catron County, New Mexico.

"2. That the property settlement agreement filed as aforesaid divided the community property owned by I. N. Curtis and Eula P. Curtis, husband and wife, and further provided for the ownership of after-acquired property in that Eula P. Curtis would have no right in and to any of the property afterwards acquired by I. N. Curtis, and I. N. Curtis would have no right, title or interest in and to any after-acquired property of Eula P. Curtis.

"3. That on the 18th day of October, 1940, Eula P. Curtis caused to be filed for record an affidavit, bearing the same date, in the office of the Clerk of Catron County, New Mexico, wherein she repudiated the property settlement agreement filed for record December 21, 1938.

"4. That on May 3, 1941, there was filed for record in the office of the Clerk of Catron County, New Mexico, an affidavit of Eula P. Curtis, bearing the date of April 16, 1941, wherein she ratified and confirmed the property settlement agreement filed for record on December 21, 1938, and by said affidavit notified all persons dealing with I. N. Curtis or herself that said property settlement was in full force and effect and that all persons were entitled to rely upon the terms of said property settlement agreement.

"5. That after said property settlement agreement was entered into, I. N. Curtis acquired Lots 8, 9, 10, 11 and 12 of Block 24 of the Townsite of Quemado, being the property in question.

"6. That on February 1, 1946, I. N. Curtis, for valuable consideration, sold to plaintiffs Lots 8, 9, 10, 11 and 12 of Block 24 of the Townsite of Quemado, and on said date executed

and delivered to them a deed therefor, and that said deed was filed for record in the office of the Clerk of Catron County, New Mexico, on February 14, 1946.

\*   \*   \*   \*   \*   \*

"13. That in 1949, the defendant, Eula P. Curtis, instituted a divorce action against I. N. Curtis in which she asked for the cancellation of the property settlement agreement.

\*   \*   \*   \*   \*   \*

"17. That the District Court, affirmed by the Supreme Court, set aside the property settlement agreement filed for record on December 21, 1938 on the grounds of fraud, undue influence and duress."

The court concluded that the property settlement was valid as to the appellees; that appellees were innocent purchasers for value; and that appellant is estopped by her conduct to assert any claim of title to the premises. The ruling of the court is assigned as error.

■ True, we held the marriage settlement between I. N. Curtis and the appellant void, Curtis v. Curtis, 56 N.M. 695, 248 P. 2d 683, but that is unimportant here as our Recording Act, Ch. 10, L. 1886–1887, §§ 71–2–1, 71–2–2, 1953 Comp., is controlling. Appellees were entitled to rely upon the record. Having once repudiated the settle-

ment, appellant later ratified it in no uncertain terms. She is now in no position to complain.

■ While the contract was void as between the parties thereto; as to appellees, it was voidable only. The fraud practiced upon appellant by I. N. Curtis, did not go to the execution of the contract. Hoffer v. Crawford, N.D., 65 N.W.2d 625; Moog v. Strang, 69 Ala. 98; Riedi v. Heinzl, 240 Wis. 297, 3 N.W.2d 366. Also see 6 Thompson on·"Real Property", § 3021.

■ The trial court did not err in holding that appellees were innocent purchasers for value. They were advised by I. N. Curtis that he was the owner of the premises. They received like advice from their attorney. They also examined the county records and found appellant's affidavit ratifying and reaffirming the contract. The court correctly concluded that appellant is barred by her conduct. She not only caused appellees to rely on the record, but remained silent for several years while valuable improvements were placed upon the premises by them. Further, she received substantially one-half of the consideration paid by appellees for the premises. Appellees were entitled to invoke the doctrine of estoppel as a complete defense. La Luz Community Ditch Co. v. Town of Alamogordo, 34 N.M. 127, 279 P. 72.

■ Appellant made requests for findings of facts, which were denied. The find-

ings made are supported by substantial evidence, and the refusal to find to the contrary, was not error.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and KIKER, JJ., concur.