447 P.2d 507

**John D. BINGAMAN, Plaintiff-Appellee,**

**v.**

**Dorothy COOK, Defendant-Appellant.**

**No. 8686.**

Supreme Court of New Mexico.

Dec. 2, 1968.

Robertson & Reynolds, Silver City, for defendant-appellant.

Serna & Martin, Silver City, for plaintiff-appellee.

OPINION

CARMODY, Justice.

From a judgment decreeing foreclosure of certain mortgages, appellant challenges the failure to recognize the superiority of her claim, asserted to be a vendor's lien.

Summarizing the facts: There was a controversy over the ownership of certain property, and appellant Cook and one Thomas entered into an agreement, dated February 14, 1958, that Thomas would pay Cook $8,000.00 if Thomas determined to retain ownership in certain real estate. It was provided that Thomas would pay Cook $1,000.00 at the time he determined to retain the property and the $7,000.00 balance at the rate of at least $1,000.00 a year but the full amount to be paid within five years. The agreement also provided for a suit to quiet title by Thomas and a concurrent conveyance by Cook to Thomas of all her right, title and interest in the real estate but stating that Cook had an "equitable lien" upon the property. For personal reasons, the agreement was not recorded, but a short form of agreement, also signed on February 14, 1958, referring to the unrecorded agreement and stating that Cook had secured certain rights to the described real estate, was properly recorded. Thereafter, Thomas was declared to be the sole owner of the real estate involved by a final decree from the probate court, and on November 6, 1958, Thomas

filed a suit to quiet title which did not name Cook as a defendant. On November 24, 1958, a quitclaim deed from Cook to Thomas was executed and the same was recorded on December 1, 1958. On December 22, 1958, a final decree in favor of Thomas was entered in the suit to quiet title. Sometime later, Thomas executed the mortgages here involved to secure certain indebtedness, the non-payment of which resulted in the filing of the present case.

Appellant claims she has a vendor's lien in the amount of $7,000.00 (she had been paid $1,000.00 of the total $8,000.00 consideration). Although appellant argues there are questions involving the existence of a vendor's lien, whether the same was waived and whether or not the short form memorandum of agreement was sufficient to amount to constructive notice of the vendor's lien claim, nevertheless, in our opinion, the question whether appellee was a bona fide purchaser for value is determinative.

New Mexico has long recognized vendors' liens. See, Logan v. Emro Chemical Corp., 48 N.M. 368, 151 P.2d 329 (1944); and see, also, Zumwalt v. Goodwin, 133 F. 2d 984 (10th Cir. 1943). But, as stated, recognition or non-recognition of the lien is not the question before us.

Sec. 71–2–1, N.M.S.A. 1953, provides for the recording of writings affecting the title to real estate, and § 71–2–2 provides:

"Constructive notice of contents— Such records shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording."

Thus it is apparent that the recording of the short form memorandum of agreement gave notice that Cook was claiming some right to the real estate, and, of course, this by itself would cause a reasonably prudent person to make further inquiries in order to determine what rights were secured by the unrecorded agreement. However, that was not the complete record, because, as stated, the quitclaim deed was recorded some nine months later, and by its terms appeared to convey whatever interest Cook had in the property. See, § 70–1–29, N.M.S.A.1953, and Metzger v. Ellis, 65 N.M. 347, 337 P. 2d 609 (1959). We believe that appellee was fully justified in relying on the quitclaim deed and that no reasonably prudent person would, under the circumstances here present, have thought it necessary to make further inquiry. See, Beloate v. Smith, 214 Ark. 884, 218 S.W.2d 361 (1949).

Security State Bank v. Clovis Mill & Elevator Co., 41 N.M. 341, 68 P.2d 918 (1937), which sustained a determination that constructive notice was present, was not at all similar on its facts and is not authority for appellant's position here, nor is Zumwalt v. Goodwin, supra, as it was there determined that there was no constructive notice of a vendor's lien. The cases from other jurisdictions relied upon by appellant concerned the recognition of vendors' liens, but state no rule contrary to that which we here express with reference to bona fide purchasers for value.

There is nothing in the record to suggest that the quitclaim deed was other than absolute, nor is there anything which would have given appellee notice that less than the full consideration was paid. In such a situation, the liens of appellee as a mortgagee for value must be preferred over the lien of appellant. See, Bates v. Childers, 5 N.M. 62, 20 P. 164 (1889); Van Dyke v. Carol Building Co., 36 N.J.Super. 281, 115 A.2d 607 (1955); Rhiddlehoover v. Boren, 260 S.W.2d 431 (Tex.Civ.App.1953); and cf. Allison v. Curtis, 62 N.M. 387, 310 P.2d 1042 (1957), which, although basically concerned with estoppel, nevertheless is in general support of our ruling.

The judgment must be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.