## JAMES T. JOHNSON et al., Appellees, v. MACARIO GAL-LEGOS et al., Appellants.

### SYLLABUS BY THE COURT.

1. TRIAL PRACTICE—SPECIAL MASTER—ADDITIONAL FINDINGS BY COURT. A court has the power, of its own motion, to make additional and supplemental findings to those made by a master, if such additional and supplemental findings are based on evidence, in order to clear up any matter, or to set out more fully any circumstances which it deems to be necessary for the proper determination of a case.

2. REPLEVIN—ALTERNATIVE JUDGMENT—FAILURE TO ELECT AND EFFECT THEREOF. If in an action of replevin, an alternative judgment is given, and at the time of the rendition of such judgment no election is made to take the money value of the property recovered, the return of the property before a levy of execution, is a satisfaction of the judgment, and thereafter no proceedings can legally be had, for enforcing by execution the alternative judgment for the money.

*Appeal* from the district court of San Miguel county, Fourth Judicial District. Affirmed.

Statement of the case by the court.

This is a suit in chancery brought by the complainants to restrain the defendants from levying an execution on certain property, to collect a balance claimed to be due upon two separate judgments, which were recovered from the complainants as sureties upon two replevin bonds.

The details of the controversy are as follows:

In the year 1887, Kohn Brothers of Chicago, recovered judgments in the district court of Mora county against W. Sparks, Jr., C. N. Sparks, William Sparks and William Sparks & Sons, for the sum of $928.84, and costs of suit.

In the same year, Kohn Brothers took out an execution under the judgment and under it the sheriff of San Miguel county, New Mexico, levied on forty-four head of cattle and twelve horses as the property of the judgment debtors.

Soon after these executions had been levied, John W. Sparks and James W. Sparks each filed a suit in replevin, John W. Sparks claiming to be the owner of the twelve head of horses, and James W. Sparks claiming to be the owner of the forty-four head of cattle. Under the writs issued in these suits the cattle and horses were taken from the sheriff of San Miguel county, who was the defendant in the two replevin suits. The appellees herein were the sureties upon the replevin bonds given in these suits.

Afterwards, the plaintiffs dismissed the replevin suits and on May 30, 1888, judgments were entered for the defendant, the value of the property and the damages being assessed by the court, and the plaintiffs were ordered to return the property to the defendant on or before June 30, 1888, at Las Vegas, New Mexico, the judgment in each case then continuing as follows:

"And that in the event said property is not so returned to said defendant by said plaintiffs, the said defendant do have and recover of said plaintiffs the sum of ——, the amount of the assessed value thereof, and damages so assessed as aforesaid, and that the said defendant do have execution therefor,

and it appearing to the court that J. B. Wasson and James T. Johnson are securities on the replevin bond herein; it is further considered and adjudged by the court that said defendant recover of said James T. Johnson and J. B. Wasson, securities as aforesaid, the said sum of ———, and that execution issue there-for, in the event said property is not returned to said defendant as aforesaid, and by him accepted in lieu of said sum of ——— so adjudged against said plaintiff and said securities as aforesaid."

By agreement of the parties, the turning over of the cattle and horses, otherwise than by range delivery, was postponed until the September roundup of 1888, and one T. B. Simmons, was, at the request of the sureties on the replevin bond, appointed a deputy sheriff by the sheriff of San Miguel county, and he gathered and turned over to such sheriff in Las Vegas, before any levy of execution was made in the replevin suits, ninety-seven head of cattle and fourteen horses.

After this stock was turned over to him, the sheriff levied on and sold the same, and the sums realized from such sales were credited on the judgments recovered, and a balance being claimed to be yet due, execution was taken out against the sureties on the replevin bonds, and placed in the hands of the sheriffs of San Miguel and Mora counties, with instructions to collect the balance due, the intention being to collect from the sureties on the replevin bond, and out of it to pay the uncollected sum due on the judgment obtained by Kohn Brothers.

To restrain such collection the complainants and appellees herein, instituted proceedings and obtained an injunction, which on final hearing was made perpetual, restraining the sheriffs of San Miguel and Mora counties from collecting such balance from said sureties. From this decree the defendants, appellants herein, appeal to this court.

LONG & FORT for appellees.

VEEDER & VEEDER for appellants.

MILLS, C. J.—It appears from the record before us, that this case was referred to a master who reported the evidence

and findings both of law and fact to the court. To these findings the appellants herein filed exceptions, and the court, after hearing counsel and sustaining the master's report, of his own motion made supplemental findings both of law and fact. To these findings the appellants excepted, and in deciding this case we will first consider the fifth assignment of error which relates to this matter. Such assignment alleges that the district court erred: "In making of its own motion supplemental findings both of law and fact in favor of complainants and appellees, when such complainants and appellees had filed no objection to the master's report before said master, nor exceptions to the said report before the court."

*Trial practice—special master—additional findings by the court.*

Had the court the right to make such supplemental findings? "A master in chancery is an officer appointed by the court to assist it in various proceedings incidental to the progress of a cause before it. * * * The information which he may communicate by his findings in such cases, upon the evidence presented to him, is merely advisory to the court, which it may accept and act upon or disregard in whole or in part, according to its own judgment of the weight of the evidence." Kimberly v. Arms, 129 U. S. 512; Beasy v. Gallagher, 20 Wal. 670, 680; Quinby v. Conlan, 104 U. S. 424; Bousch v. Graff, 133 U. S. 697. It is not, however, usual for the court to reject the report of a master and his findings upon the case referred to him, unless exceptions are taken and brought to its attention, and upon examination, the findings are found to be unsupported. Medsker v. Bonebruck, 108 U. S. 66; Tighlman v. Proctor, 125 U. S. 136; Callaghan v. Myers, 128 U. S. 617; First National Bank v. McClellan, 58 Pacific Reporter 347. In the case at bar, the court does not reject the report of the master but confirms it. It does not reject any findings made by the master, but only adds others to those found by him. In our opinion, if the court deems it to be in the interest of justice, it has the inherent power to make supplemental and additional findings to those found by its own officer, if such findings are supported by the evidence, so as to clear up any matter, or to

set out more fully any circumstances which it deems to be neces-
sary for the proper determination of the cause. To hold that a
court can not correct, by means of supplemental findings, unless
exceptions are filed, any errors or omissions which are in the
report of a master, is not, in our opinion the law, nor have we
been able, after an extended research, to find a single authority
which denies to the court such power. We therefore hold that
no error was committed by the court in making the supple-
mental findings complained of.

The sole remaining point to be decided, to determine this
case, is as to the construction to be given to the judgments en-
tered in the replevin suits. They are in the alternative, and the
record does not disclose that at the time they were entered the
appellants herein elected to exercise any right
they might have as to whether they would take
back the property, or its value. In fact, so far
as appears, double the number of cattle re-
plevied from the sheriff, and three more horses
than were replevied, were redelivered to him,
before he took out executions in the replevin cases. The judg-
ments upon which the executions were issued is for the
return of the property, or, in default thereof, for its value. The
defendants had the right to discharge the judgments by a re-
turn of the property, and they can only be compelled to pay its
value in cases where a delivery is not made within a reasonable
time. Wells on Replevin, par. 778; 2 Freeman on Execution,
par. 468; Elehpare v. Aguirre, 91 Cal. 288; Meads, Seaman &
Co. v. Lasar, 92 Cal. 221; Carson v. Applegarth, 6 Nev. 187;
Marks v. Willis, 58 Pac. 526.

The judgments in the replevin cases provided that the cat-
tle and horses were to be returned to the sheriff of San Miguel
county by the plaintiffs in the replevin suits by June 30, 1888,
at Las Vegas in said county, and that in default of such return
then the sheriff had judgment for the value of the property. It
is proved that the sheriff waived the right to a return by June
30, 1888, and agreed to extend the time for such delivery until
a roundup was had, and that on or about September 1, 1888,

REPLEVIN—alter-
native judg-
ment—failure
to elect—effect
thereof.

more than double the number of cattle and three more horses than those which had been replevied, were delivered to the sheriff by turning the same into his corral at Las Vegas. The evidence also shows, that executions in the replevin suits were not taken out until September 7, 1888, and that they were not delivered to the sheriff of San Miguel county until the tenth of the same month, which was after the livestock had been returned to him, consequently he did not levy the same until the property in question was in his possession. The redelivery of the personalty replevied before levy of execution where an alternative judgment is rendered, satisfies such judgment. Marks v. Willis (Oregon), 58 Pacific 526. It is immaterial whether the property was returned to the sheriff by the plaintiff in the replevin cases or by their sureties. The sureties have a right to make such return if they see fit, and thus discharge their obligation. Wells on Replevin, par. 429; Kimmel v. Kint, 2 Watts 432.

We see no error in the judgment complained of, and the same is therefore affirmed.

McFie, Parker, Crumpacker and Leland, JJ., concur.

---

[786.  January 16, 1900.]