(No. 2844.  May 16, 1924.  Rehearing Denied
June 6, 1924.)

ROMERO v. ROMERO et al.

SYLLABUS BY THE COURT.

1.  Plaintiff leased sheep to R., who gave bond to perform the contract.  R., on account of financial reverses, became unable to perform, and, over the protest of plaintiff, compelled her to take back the sheep in order to mitigate her loss.  The surety on R.'s bond was not thereby discharged from liability for damages suffered by plaintiff by reason of the breach of the contract.

2.  Plaintiff kept a book of account in which she entered items of expense making up her loss by reason of breach of the contract and a witness testified generally that expense was incurred by plaintiff.  It is held that the testimony of the witness and the book of account are sufficient corroboration of plaintiff's testimony to authorize recovery against the estate of a deceased person.

3.  Under a bill of particulars showing an item of net loss, it is competent to show how the same arose by showing expenditures and income.

4.  Proof of a custom is not allowable to vary the terms of definite contract.

5.  It is proper to direct a verdict where the evidence is such that no other verdict could be allowed to stand.

Appeal from District Court, Valencia County; Hickey, Judge.

Action by Isabel Baca de Romero, administratrix of

the estate of Andres A. Romero against Andres A. Romero, Jr., and another. From a judgment for plaintiff, defendants appeal. Affirmed and remanded, with directions.

George S. Klock and M. J. McGuinness, both of Albuquerque, for appellants.

Neill B. Field and Milton J. Helmick, both of Albuquerque, for appellee.

## OPINION OF THE COURT.

PARKER, C. J. The appellee, hereinafter called plaintiff, entered into a written contract of lease of a certain number of sheep with Andres A. Romero, Jr., and the sheep were delivered to him and he entered upon the performance of the contract. The contract provided for the delivery of a bond of indemnity to plaintiff securing her against loss by reason of the failure to perform the contract. The bond was given, and one Boleslo Romero became surety on the same. The lessee became financially embarrassed and refused to further perform the contract. Plaintiff applied to the surety to take over and perform the contract, which he refused to do. Plaintiff then, under protest and against her will, took over the sheep and cared for them for about eight months and until she sold them. She brought this action on the bond for damages on account of the breach of the contract against the lessee and Boleslo Romero, as surety on the bond. After the cause was at issue Boleslo Romero died and the appellant, hereinafter called defendant, was substituted as his administrator. The case was tried to a jury and, upon motion of plaintiff at the close of the case, the court directed a verdict for the plaintiff, upon which judgment was rendered. Defendant has appealed.

[1]   1. Counsel for defendant argue that the surety was discharged by reason of the fact that plaintiff took back the sheep, and relies upon a provision of the contract which reads as follows:

"If the party of the second part shall neglect or refuse to keep or perform any of the provisions and covenants of this contract on his part to be performed after reasonable notice and demand thereof, then, in that event, the party of the

first part may at her option retake possession of all the said sheep and increase thereof, and declare this contract terminated, and thereupon this contract shall terminate and mature in the same manner and with the same effect as if it had been terminated by the expiration of its time."

A reading of this provision clearly shows that it has no application to the contention made. The provision is intended to confer a right on the plaintiff, in case of refusal by the lessee to care for the property, to take possession of the same, and to cut off all further rights therein on the part of the lessee. The surety, even assuming that plaintiff had exercised her right under this provision, which the evidence shows she did not, would not be discharged from liability from damages already suffered by the plaintiff, in the absence of some agreement to that effect between the parties, and there was no such agreement. In this connection it is argued that therefore the necessity to take them over had not arisen. the lessee had not actually abandoned the sheep, and therefore, the necessity to take them over had not arisen. But the evidence shows that he had declared he would abandon them and that he was unable, on account of his financial condition, to continue further with the contract. This was certainly sufficient to require the plaintiff to receive them from the lessee in order to minimize her loss and the loss of the surety.

[2] 2. The claim is made that plaintiff's evidence as to the items of damage was not corroborated as is required by section 2175, Code 1915. The evidence shows that plaintiff kept a book of account in which she entered items of expenditure by her in caring for the sheep and the sums she received from the sales of lambs and wool. That she expended money for wages of herders, food, and supplies for them, and items of a similar nature, is corroborated by at least one witness, the exact amounts being shown by her testimony and her book of account. We have recently gone over this question of corroboration, reviewing all of the New Mexico cases. See In re Cardoner's Estate, 27 N. M. 105, 196 Pac. 327. The case at bar resembles Radcliffe v. Chaves, 15 N. M. 258, 110 Pac. 699, where books of account showing items, supplemented by another witness as to the fact of the attendance of a physician

upon the deceased, was held to be sufficient corroboration. It is true this book of account seems not to have been formally introduced, but it was assumed at the trial by counsel and the court to be in evidence, and it will be so treated here.

[3] 3. It is urged that plaintiff's proof went beyond the bill of particulars furnished. The bill of particulars mentioned the items of loss in running the sheep, and the proof covered the expenditures and receipts showing the net loss as stated in the bill of particulars. If defendant desired the more detail in the bill of particulars, the remedy was to apply to the court for the same, not to object to the proof made.

[4] 4. The court excluded testimony offered to the effect that the sheep were in better condition when returned to plaintiff than when received by the lessee, and that it was the custom to accept two pregnant ewes as the equivalent in value to three ewes not pregnant, all for the purpose of mitigating damages, or receiving credit on damages. The first proposition was irrelevant because not contemplated by the contract, and the second is not allowable because it would vary the terms of the contract. See 17 C. J., "Customs and Usages," §77.

[5] 5. Defendant argues that the court erred in directing verdict for the plaintiff. The verdict which was directed was for $3,859.03, made up of the following items: Rent of the sheep, $2,779.86; taxes, $136.56; loss on running sheep, $942.61. The amount of the rent item is fixed by the contract, and is not, and cannot be, disputed. The tax item is provided for in the contract, and was shown by tax receipts. This item was not, and could not be, disputed. The last item was established as hereinbefore pointed out, and there was evidence that the expenditures were reasonable. There was no attempt made to show that the expenditures were not in fact made, or that they were unreasonable. The argument seems rather to proceed upon the theory that the expenditures were too small, resulting in insufficient help to properly care for the sheep, which resulted, in turn, in an unusual loss of lambs and a

diminished wool clip. The proposition seems to be founded upon a comparison between the management by the lessee and that of the plaintiff, not upon the question as to whether plaintiff used ordinary care in the handling of the sheep, which is the highest degree of care to be demanded of her. 2 Greenleaf on Ev. (16th Ed.) § 261; 17 C. J., "Damages," § 96; 8 R. C. L., "Damages," § 14; Beymer v. McBride, 37 Iowa, 114; Hunter v. So. Ry. Co., 90 S. C. 507, 73 S. E. 1017; Ramsey v. Perth Amboy, etc., Co., 72 N. J. Eq. 165, 65 Atl. 461. There is no evidence tending to show that she did not use at least ordinary care. Under such circumstances it is clear that it was the duty of the court to direct the verdict. Any other verdict could not be allowed to stand. See Gildersleeve v. Atkinson, 6 N. M. 265, 27 Pac. 477; Solomon v. Yrisarri, 9 N. M. 480, 54 Pac. 752; Heisch v. Bell, 11 N. M. 523, 70 Pac. 572; Childers v. Hubbell, 15 N. M. 450, 110 Pac. 1051. See, also, generally, 26 R. C. L., "Trial," § 75.

Certain other minor contentions are made by defendant, but they are so palpably untenable that they need not be considered. It is apparent there was no defense to be made to this action and that the judgment is correct. It follows from all of the foregoing that the judgment in the court below will be affirmed and the cause remanded with directions to proceed in accordance herewith; and it is so ordered.

BRATTON and BOTTS, JJ., concur.