545 P.2d 1022
In the Matter of John DOE, a child, Defendant-Appellant,

v.

STATE of New Mexico, Plaintiff-Appellee.

No. 2101.

Court of Appeals of New Mexico.

Jan. 20, 1976.

<

A hearing was not begun within this twenty-day period. The child moved to dismiss; he appeals the denial of his motion.

The case was set for trial at a date after expiration of the time period. The child had notice of this setting before the time period had expired and did not object to the trial date. The State contends that by failing to object, the child waived any objection to trial beyond the statutory time period.

Cases cited by the State do not support the contention. *Sykes v. Superior Court of Orange County,* 9 Cal.3d 83, 106 Cal. Rptr. 786, 507 P.2d 90 (1973) held the statute limiting the time for trial was inapplicable. The case was decided on the basis of the constitutional right to a speedy trial. *Chambers v. District Court In & For Cty. of Arapahoe,* 180 Colo. 241, 504 P.2d 340 (1972) equated the statute with the constitutional right to a speedy trial and held the time limitation was waived by various actions of counsel. *State v. Ruud,* 6 Wash. App. 57, 491 P.2d 1351 (1971) held that counsel had agreed to a trial date beyond the time limitations.

 We decline to hold that the child waived his right to a dismissal by failing to object to a trial date beyond the statutory time period because the statute affirmatively states that he was entitled to a dismissal with prejudice if the hearing was not begun within the time period. The child is not to be deemed to have waived this statutory right by failing to object to the State's delay in beginning the hearing within the statutory time period.

A hearing could be delayed for a variety of reasons. We need not adopt a theory of waiver to accommodate justifiable delay. The statute provides for time periods which are to be excluded in computing the time period in which a hearing on the petition must be begun. Paragraph B of § 13–14–26, supra, lists eight items of delay which are to be excluded. Item (4) pertains to delay resulting from a continuance granted at the request of the Children's

Daniel E. Pedrick, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Section 13–14–26, N.M.S.A.1953 (Repl. Vol. 3, Supp.1975) provides a time limitation for beginning a hearing on petitions under the Children's Code alleging delinquency or need of supervision. Paragraph A states that "on motion by or in behalf of the child, the petition shall be dismissed with prejudice if a hearing on the allegations in the petition is not begun" within the time period stated. The applicable time period in this case is the twenty-day period stated in § 13–14–26, supra, prior to its amendment by Laws 1975, ch. 320, § 2.

Court attorney. The record does not show a continuance was sought.

◼ Section 13–14–26, supra, Paragraph B, item (8) provides for exclusion of "other periods of delay for good cause in the discretion of the court." The child requested a jury trial. The State contends that once a jury trial was requested the matter was turned over to the court for a trial setting at the court's discretion. The State asserts that in setting the matter for a jury trial on a date after the time limitation had expired, the court implicitly found a delay was necessary for good cause. If the court had found that the case was set for the earliest available jury, good cause for the delay would have been shown. There is no such express finding. Nor is such a finding implicit in this record. The record does not show that any consideration was given to delay caused because the matter was to be tried by a jury.

◼ The motion to dismiss was denied on the basis the motion was untimely. The child had notice of the trial setting within the twenty-day period. The motion to dismiss was filed within two days after the time period expired. The Children's Court considered the motion was untimely because the child waited until expiration of the time period to file the motion. The motion was not untimely; if the motion had been filed before the time period had expired it would have been premature.

◼ The State points out that the 1975 amendment to § 13–14–26, supra, expanded the maximum time limitation to forty-five days. If this is an argument that we should not enforce the time limitation applicable to this case, it is without merit. Paragraph A of the statute, both before and after the 1975 amendment, provides for a dismissal with prejudice if the statutory time limitation is not met. Paragraph B of the statute refers to the time when the hearing "must be begun". Paragraph C of the statute refers to the interest of the public in the prompt disposition of cases. The legislative intent is unambiguous; the hearing was to be begun within the time limitation stated. If not, upon motion by or in behalf of the child, the petition was to be dismissed with prejudice. Compare *State v. Vigil,* 85 N.M. 328, 512 P.2d 88 (Ct.App.1973).

◼ The State contends that the statutory time limitation should not be enforced because the child was not prejudiced by the delay in this case. Where a child had counsel and had been advised of his rights, we required a showing of prejudice when the claim was that the child was not repeatedly advised of his rights. *Matter of Doe,* 88 N.M. 481, 542 P.2d 61 (Ct.App. 1975). This case is not similar. Here we are concerned with a legislatively declared time limit for beginning a hearing; a legislative intent for prompt adjudication. *Doe v. State,* 88 N.M. 347, 540 P.2d 827 (Ct.App.1975). In applying this legislatively declared time limitation, we are not concerned with prejudice to the child but with the concept of prompt adjudication. Under the statute, the child is not required to make an affirmative showing that he has been prejudiced by the delay. *Sykes v. Superior Court of Orange County,* supra.

We point out that there is no issue in this case concerning the validity of a legislatively declared time limitation. See *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972); *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947); compare *Sitta v. Zinn,* 77 N.M. 146, 420 P.2d 131 (1966). Nor is there any issue in this case concerning the constitutional right to a speedy trial. See *State v. Harvey,* 85 N.M. 214, 510 P.2d 1085 (Ct.App.1973).

The sole issue is whether the child was entitled to dismissal under § 13–14–26, supra. He was. The judgment of the Children's Court is reversed. The cause is remanded with instructions to dismiss the petition with prejudice.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.