566 P.2d 117

STATE of New Mexico, Plaintiff-Appellee,

v.

John DOE, Defendant-Appellant.

No. 2876.

Court of Appeals of New Mexico.

June 14, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

■ This Children's Court appeal involves the timeliness of the hearing on the petition. Other issues listed in the docketing statement were not briefed and, therefore, were abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The issue of timeliness involves: (1) the statute, (2) Children's Court rule, and (3) whether the statute or the rule is controlling.

The child was committed to the Boy's School at Springer in February, 1976. According to the briefs, he was paroled by the school. A petition to revoke this parole was filed November 24, 1976. This petition alleged that the child had committed armed robbery and aggravated assault on November 22, 1976. The Children's Court found that the child committed the acts charged, that he was a delinquent child in need of care and rehabilitation. It revoked the child's parole and transferred the child to the Boy's School. The timeliness of the hearing leading to parole revocation is the issue on appeal.

*Statute*

■ Children's Court procedures for original petitions alleging delinquency apply to petitions for revocation of parole. Section 13–14–40, N.M.S.A.1953 (Repl.Vol. 3, pt. 1). A hearing on a petition alleging delinquency must be begun within stated time limits. Section 13–14–26, N.M.S.A. 1953 (Repl.Vol. 3, pt. 1).

Under § 13–14–26(A), supra, a hearing on a petition alleging delinquency must be begun:

"(1) fifteen [15] days from the date the petition is filed when a child in custody is denied unconditional release at his detention hearing;

"(2) forty-five [45] days from the date the petition is filed when a child once in custody for the offense charged in the petition or an offense based upon the same conduct is released at or before his detention hearing . . . ."

The child asserts that the above-quoted subparagraph (1) applies to his case. He points out that he was released to his parents at the detention hearing held on November 24, 1976, but this release was on specified conditions. Because his release was not unconditional, he claims the 15-day time limitation applied. Because the hearing was not begun within 15 days of November 24, 1976, he asserts he is entitled to a dismissal of the petition with prejudice. We disagree.

■ The record shows that the child was detained in jail from 8:45 a. m. on November 22, 1976. He was released at his detention hearing. Having been "once in custody for the offense charged in the petition" and having been released at his detention hearing, the above-quoted subparagraph (2) applied. The time for beginning a hearing on the petition to revoke was 45 days from November 24, 1976.

■ The 45th day would have fallen on January 8, 1977. Since this was a Saturday, the child asserts that a hearing on the petition to revoke should have begun not later than January 10, 1977. On the basis that no hearing had begun within the 45-day period, the child contends his motion to dismiss should have been granted. Again, we disagree.

A petition to revoke the child's release, filed on January 3, 1977, alleged the child had violated the conditions of his release. A hearing on this petition was held on January 5, 1977. At this hearing, the Children's Court ordered the child held in jail.

At the hearing held January 5, 1977, the Children's Court continued the hearing on the petition to revoke until January 21, 1977 because of the absence of certain witnesses. On January 20, 1977 the Children's Court again continued the hearing because a jury trial, at which the judge was presiding, would not be completed within the scheduled time.

The Children's Court denied the motion to dismiss the petition on the basis that the continuances had been granted for good cause and only for so long as necessary. Section 13–14–26(C), supra.

█ Both the absence of witnesses and the judge being occupied with a jury trial were good cause for the continuances. However, there are no formal orders granting the continuances; rather, the continuances, and the reasons for them, appear in the judge's remarks in ruling on the motion to dismiss. The child asserts this was "slipshod procedure" which failed to consider the interest of the public in prompt disposition of Children's Court cases. Section 13–14–26(C), supra. Regardless of the child's characterization, this record shows that continuances were granted for good cause and only for so long as necessary. See *Doe v. State*, 88 N.M. 644, 545 P.2d 1022 (Ct.App. 1976).

The hearing on the petition to revoke parole was begun within the time limits of the continuances authorized by § 13–14–26(C), supra. The trial court did not err in denying the motion to dismiss.

*Children's Court Rule*

The State did not respond to the child's contentions concerning the statute. Its position is that the hearing on the petition to revoke was timely under the Children's Court rules adopted by the Supreme Court.

Children's Court Rule 34(a) states:

"(a) *Time Limits.* Adjudicatory hearings on petitions shall be commenced:

"(1) Within 90 days from the date the petition is served on the respondent if the respondent is not in detention; or

"(2) Within 30 days from the date the petition is served on the respondent if the respondent is in detention."

The Committee Commentary to this rule states:

"Rule 34 supersedes § 13–14–26 NMSA 1953 Comp. Not only is the statutory term changed, but the time limits for commencement of the hearing are expanded. In terms of the time limit, the rule makes no distinction between a respondent who has been in detention and was released and one who had never been in detention."

The record does not show the date the petition to revoke parole was served on the child; we assume it was served on the filing date—November 24, 1976. Whether the 30- or 90-day period applied depended on whether the child was or was not in detention.

█ In this case the child was in detention before the petition was filed, but was released after a detention hearing held November 24, 1976. Since the child was in detention but was then released, consistent with the Committee Commentary, we hold that the 90-day provision of the rule applied. The hearing resulting in revocation of probation was held prior to the expiration of the 90 days.

█ Was the applicability of the 90-day provision changed by the fact that the child's release was revoked on January 5, 1977? No. Since the time periods in the rule run from the date of service, the 30-day period would have run prior to the date the release was revoked. Such an after-the-fact control over the applicable time period is not contemplated by the rule. The child's release was revoked for violation of the conditions of release. See § 13–14–24(G), N.M.S.A.1953 (Repl.Vol. 3, pt. 1). This did not change the applicable time period which became fixed (either 90 or 30

days) by the presence or absence of detention of the child after the detention hearing. See § 13–14–24, supra.

The hearing on the petition to revoke was timely under Children's Court Rule 34.

### Whether the Statute or the Rule is Controlling

Neither the statute nor the rule was violated in this case. Nevertheless, the statute and the rule state different time requirements as to when the hearing must be begun. There can be at least two conflicts between the statute and the rule: (1) a hearing not begun within the statutory time (with no continuances) but begun within the rule time, and (2) a hearing not begun within the rule time (with no continuances pursuant to the rule) but begun within the statute because of continuances granted by the Children's Court.

In case of conflict, which controls?

Section 13–14–4(C), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states that the Supreme Court shall adopt rules of procedure *not in conflict* with the Children's Code governing proceedings in the Children's Court. The time provisions of Children's Court Rule 34 conflict with § 13–14–26, supra; this rule is not authorized by § 13–14–4(C), supra.

Time limitations are procedural. *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972); *Southwest Underwriters v. Montoya,* 80 N.M. 107, 452 P.2d 176 (1969); *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). Under the New Mexico Constitution, the Supreme Court has inherent power to regulate all procedure affecting the judicial branch of government. The power to regulate such procedure is vested exclusively in the Supreme Court. In case of a conflict between the statute and a procedural rule adopted by the Supreme Court, the rule controls. *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976); *State ex rel. Anaya v. McBride,* 88 N.M. 244, 539 P.2d 1006 (1975); *State v. Roy,* 40 N.M. 397, 60 P.2d 646 (1936), 110 A.L.R. 1 (1937).

The order of the Children's Court revoking parole and transferring the child to the Boy's School at Springer is affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.