603 P.2d 731

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Jane DOE, a child, Defendant-Appellant.**

**No. 4101.**

Court of Appeals of New Mexico.

Oct. 4, 1979.

Mary Jo Snyder, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Jane Doe appeals a judgment of the children's court revoking her probation and committing her to the Girl's Welfare Home for a period not to exceed one year. We reverse.

Two issues are presented on appeal. They are: (1) whether a special master appointed by a judge of the children's court without prior approval of the New Mexico Supreme Court has authority to try a case on the merits; and (2), if he does not have this authority, and the district judge does not act on the case until after the statutory time limits in Children's Ct. Rule 46, must the case be dismissed with prejudice? Unless otherwise indicated, references to rules in this opinion are to the Children's Court Rules, N.M.S.A. 1978.

■ The third issue in the docketing statement was not briefed and has been abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App. 1977).

On March 30, 1978, appellant was found guilty of burglary after a trial in the children's court. She was placed on probation for one year, beginning in June 1978. In October 1978, her probation was extended one year. A petition to revoke probation was filed on March 27, 1979 in Bernalillo County. The petition indicated that appellant had been in detention since March 23, 1979. A hearing on the petition was held on April 11, 1979, before Mr. Budagher, an Albuquerque attorney, despite appellant's objection. The children's court judge, being involved in a jury trial that day and unable to find any other district judge to help him, had appointed Mr. Budagher as special master to hear the probation revocation petition. At the dispositional hearing on April 30, 1979, the judge adopted the special master's findings and ordered appellant committed to the Girl's Welfare Home.

Point 1. The special master lacked authority to hear the probation revocation petition.

The parties dispute the propriety of the procedure followed in appointing Mr. Budagher as special master in the children's court. Section (a) of Rule 11 provides for the appointment of special masters.

In judicial districts having a population over two hundred thousand, *with prior approval of the New Mexico Supreme Court* a special master may be appointed by a children's court judge pursuant to the provisions of this rule in any children's court proceeding upon the showing that:

(1) the children's court judge is unable to expeditiously dispose of pending children's court cases; or

(2) some exceptional condition requires the appointment of a special master to assist the children's court judge. (Emphasis added.)

■ Appellant claims, and we agree, that since prior approval of the Supreme Court was not sought, the appointment of Mr. Budagher was without effect. Rule 11 is ambiguous in that there are two possible constructions: either (1) prior approval is necessary each time the district court seeks to appoint a special master; or (2) an approval which would be continuing, must be sought initially. The record does not indicate that prior approval of the Supreme Court for Mr. Budagher to act as special master to the children's court in Bernalillo County was *ever* sought, either immediately prior to the present case, or at some time more remote in the past. Hence, under either construction of the rule, the appointment of Mr. Budagher was improper.

Appellee asserts that the appointment of Mr. Budagher was a proper exercise of the inherent power of a district judge to appoint a special master. The judge of the children's court stated at the dispositional hearing that he did not appoint the special master under Rule 11, but under his inherent power as a district judge.

■ Judicial power can only be conferred upon a person by the authority of the law. *State v. Doe*, 91 N.M. 57, 570 P.2d 595 (Ct.App. 1977), *rev'd on other grounds, Doe v. State*, 91 N.M. 51, 570 P.2d 589 (1977). The power at issue is the power to act as a children's court judge. The children's court is a division of the district court and the judges of the children's court are, in fact district judges. Section 32–1–4 (A), N.M. S.A. 1978, *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968). In *State v. McGhee*, 41 N.M. 103, 104, 64 P.2d 825, 826 (1937), the Supreme Court stated that:

It is the public policy of this state, as evidenced by its Constitution and laws, that regularly elected or appointed district judges shall preside over its district courts . . . . .

■ Nevertheless, it is generally recognized that the district court has inherent power to appoint special masters. This is an inherent power of the judiciary. *See McCann v. Maxwell*, 174 Ohio St. 282, 189 N.E.2d 143 (1963). *See generally Railroad Co. v. Swasey*, 90 U.S. 405 (23 Wall. 405), 23 L.Ed. 136 (1874). In *In re Peterson*, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920), the Supreme Court elaborated upon the inherent power to appoint special masters in the federal courts.

Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties. . . . This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties as they may arise in the progress of a cause.

*Id.* at 312, 40 S.Ct. at 547. This power has been recognized in New Mexico. *See Johnson v. Gallegos*, 10 N.M. 1, 60 P. 71 (1900). In *Johnson*, the court noted:

A master in chancery is an officer appointed by the court to assist it in various proceedings incidental to the progress of a cause before it . . . . . The information which he may communicate by his findings in such cases, upon the evidence presented to him, is merely advisory to the court, which it may accept and act upon or disregard in whole or in part . . . . . .

*Id.* at 4, 60 P. at 72. *See generally Security State Bank v. Clovis Mill & Elevator Co.*, 41 N.M. 341, 68 P.2d 918 (1937).

■ The issue, then, is whether Rule 11 limits the inherent power of the district court to appoint a special master in children's court cases. We hold that it does.

■ The New Mexico Supreme Court has superintending control over inferior courts. N.M.Const., Art. VI, § 3. It has the power to promulgate rules of procedure in the state courts. *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976), *cert. denied*, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977). Pursuant to this power, the Supreme Court adopted the Rules of Procedure for the Children's Court in April 1976, and amended them in November 1978. The Rules are intended to govern all procedures involving certain classes of juveniles.

These rules govern the procedure in the children's courts of New Mexico in all matters involving children alleged to be delinquent, in need of supervision or neglected, as defined in the Children's Code.

Rule 1 (a).

The New Mexico Rules of Civil Procedure also provide for the appointment of a special master. N.M.R.Civ.P. 53(a) N.M.S.A. 1978 states: "The court in which any action is pending may appoint a special master therein. . . . ." There is no limitation in this rule that the master be approved by the Supreme Court. Clearly, the Supreme Court wanted to supervise the appointment of special masters in the children's court, whereas it left the matter entirely to the discretion of the district judge in civil cases. At the very least, Rule 11 enables the Supreme Court to insure the qualifications of the master and the propriety of his appointment.

Rule 11 limits the inherent power of a district judge to appoint a special master in children's court. Otherwise, the procedural requirements of the rule would be meaning-

less. If the Supreme Court had not thought special rules were necessary in the children's court, it would not have promulgated them.

■ Appellee argues that the Committee Commentary to Rule 11 indicates that the Rule is not intended to abrogate the inherent power of the judiciary to appoint a special master. This argument is irrelevant, because the court is not bound by the interpretations of the Commentaries. *State v. Zamora*, 91 N.M. 470, 575 P.2d 1355 (Ct. App. 1978), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978), *State v. Benavidez*, 87 N.M. 223, 531 P.2d 957 (Ct.App. 1975).

Point 2. The children's court did not hear the petition within the required time limit.

■ Since the special master lacked authority to hear the petition, the court was without jurisdiction at the hearing on April 11, 1979. If the presiding officer does not have the authority to hear the case before him, the court lacks jurisdiction to try the matter. *Heckathorn v. Heckathorn*, 77 N.M. 369, 423 P.2d 410 (1967). *See State v. Doe, supra, Moruzzi v. Federal Life & Casualty Co.*, 42 N.M. 35, 75 P.2d 320 (1938).

The hearing on the petition to revoke probation began and ended on April 30, 1979 when the district judge disposed of the case. That was 34 days after the petition was filed and 37 days after the child was taken into custody. The applicable time limit is 30 days. Rule 46 (a) states:

> If the respondent is in detention, the adjudicatory hearing shall be commenced within thirty days from whichever of the following events occurs latest:
>
> (1) the date the petition is served on the respondent . . . .

The date the petition was served on the child, March 27, 1979 is the applicable date in this instance. This was 34 days before the hearing on April 30th.

■ Although Rule 46 pertains to petitions alleging delinquency or that a child is in need of supervision, the time limit is made applicable to probation revocation hearings by Rule 51 (a) which states that, with a few exceptions irrelevant in this case:

> Proceedings to revoke probation or parole shall be conducted in the same manner as proceedings on petitions alleging delinquency or need of supervision, and the respondent whose probation or parole is sought to be revoked shall*be entitled to all rights that a respondent alleged to be delinquent or in need of supervision is entitled to under law and these rules . . . .

A similar provision appears in the Children's Code, § 32–1–43, N.M.S.A. 1978. *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App. 1977). While § 32–1–28 N.M.S.A. 1978 of the Children's Code provides a time limit different from Rule 46, the rule controls. Where there is a conflict between a statute and a procedural rule, the rule prevails. *State v. Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App. 1977).

■ The district court did not comply with Rule 46 (a). Consequently, the probation revocation petition should be dismissed with prejudice. This is the proper remedy when a proceeding in the children's court is not begun within the required time limit. *State v. Doe*, 93 N.M. 31, 595 P.2d 1221 (Ct.App. 1979), *State v. Doe*, 91 N.M. 393, 574 P.2d 1021 (Ct.App. 1978), *Doe v. State*, 88 N.M. 644, 545 P.2d 1022 (Ct.App. 1976). Moreover, Rule 46 (e) specifically provides:

> If the adjudicatory hearing on any petition is not begun within the times specified in . . . this rule . . . the petition shall be dismissed with prejudice.

The children's court's judgment and disposition are reversed. The cause is remanded with instructions to dismiss the petition with prejudice.

IT IS SO ORDERED.

WALTERS, J., concurs.

HENDLEY, J., specially concurring.

HENDLEY, Judge (specially concurring).

I concur in the result reached by the majority in point one, but on different grounds.

Under the first point the answer is simply that we do not have authority to change a Supreme Court rule and particularly when under any construction the appointment would be improper. Any discussion beyond this is not germane.

I agree with the majority in point two.