Vermont Superior Court
Filed 05/09/25

VERMONT SUPERIOR
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 247-7-20 Wncv

| Hayek Medical Devices (North America), LTD vs. State of Vermont |
|---|

Opinion and Order on the State's Motion to Compel (filed Oct. 28, 2024)

In this case, Plaintiff Hayek Medical Devices (North America) LTD ("Hayek")

claims that in the early days of the COVID pandemic, Defendant the State of

Vermont ordered 50 ventilators from it and has never paid for them. The State

generally takes the position that the ventilators were not suitable for COVID

treatment, and the sale was tainted by misrepresentations. The parties have been

embroiled in discovery disputes throughout this case. The State now has filed a

most unusual motion to compel. At issue is information that the State believes

Hayek has failed to produce either: (a) as supplements to earlier productions

responding to discovery requests promulgated prior to the October 1, 2022 deadline

for written discovery requests under the scheduling order, or (b) in response to the

State's very recent series of requests to produce under Vt. R. Civ. P. 30(b)(5) in

connection with a Rule 30(b)(6) deposition. *See* Discovery/Alternate Dispute

Resolution Stipulation (filed Oct. 16, 2024). A hearing was held on March 31, 2025.

The State was represented by Assistant Attorney General Neil F.X. Kelly. Hayek

was represented by Kendall Hoechst, Esq.

The Court understands that the latest controversy arose when the State

learned that Hayek uses 2 databases (SugarCRM and Express Invoice) that,

1

between them, contain records that presumably would help document what happened to the units after the State returned them or rejected their delivery, which is relevant to whether Hayek adequately mitigated any potential damages. The State generally believes that the databases contain information that has fairly been requested but which has not been produced.

The State's lengthy motion is not plainly calculated to comply with that part of Vt. R. Civ. P. 26(h), which provides: "memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." The State provides no such clear list, what deficiency the State perceives in production to date, and what the State thinks the Court should do about it. Instead, its initial motion includes the following request for relief:

> The State therefore requests the Plaintiff provide the resources necessary for the State to analyze the data to defend this case under V.R.C.P. 37. The most efficient and economical way to ensure the discovery issues in this case are put to rest is for the databases to be produced along with the technical capability that would include a server, the software and technical expertise and any other resources that may be needed to analyze the data from the databases to secure a "just, speedy" and at this juncture with the damages claimed now over ten figures "an inexpensive determination" of this case. See, V.R.C.P. 1. Anything short of providing this full access to the data and the tools to defend this action will not only cause delay, but also continue the prejudice to the State. Plaintiff's objections should be denied; and to bring this case to a just and speedy conclusion to provide the State with the discovery and resources to defend this case.

2

In other words, the State wants the Court to somehow require Hayek to give the State its two databases, along with the "expertise and any other resources" it needs to use them, so that it may, in essence, respond to its own discovery requests as it sees fit.

After filing the motion, the State completed two depositions and came to believe that certain testimony provided in them further demonstrates that Hayek has been responding to the State's discovery requests in bad faith. It then filed a supplement (filed Nov. 21, 2024) to its motion in which it appears to abandon the relief sought in its original motion and instead now requests that the Court appoint a Vt. R. Civ. P. 53 special master to deal with all remaining discovery issues in this case. The special master requested by the State would have especially broad and extraordinary powers:

> The appointment of a special master with or without agreement is a practical approach to resolving these discovery issues in a way that would save the parties and the Court with considerable time and resources. A special master can ensure for the Court that the discovery from Hayek Medical complies with the rules. A special master's duty, to act as an independent neutral, is to the Court and would be able to address Hayek compliance with its discovery obligations in the most direct and efficient way. A special master could be supplied with the authority and the ability to see into how Plaintiff responded to discovery over time *that neither the State nor the Court can assess in an adversary proceeding.* A special master would be able to review the requested discovery *and access the substantial evidence in Hayek Medical's databases, servers, bank accounts, emails and hard copy documents* that have not been produced now over four years later and certify the discoverable information is provided. A special master would be able to learn about what has occurred with the discovery in this case *unlike what the parties may contend.* A special master would be able to assess whether evidence has been lost or damaged by Hayek Medical and determine if it can be restored or replaced through additional discovery *unlike the parties or the Court.* A special master

3

would be able to provide a report in relation to any of the above if necessary.

The State's Supplement at 38 (filed Nov. 21, 2024).

Hayek counters that it has responded to the State's timely discovery requests in good faith, and it acknowledges its ongoing duty to supplement earlier productions when it identifies additional responsive material. It objects that the State's recent Rule 30(b)(5) requests are patently out of time as the deadline for written discovery expired long ago. Otherwise, it objects that there is no basis for requiring it to give the State its databases even if there were some way in which it could do that (it maintains that there is not), and asserts that appointing a special master is neither appropriate or authorized by the Civil Rules.

1. <u>The Propriety of the Rule 30(b)(5) requests</u>

Vt. R. Civ. P. 30(b)(5) effectively authorizes a subpoena duces tecum to facilitate the deposition. It provides:

> The notice to a party deponent may be accompanied by a request that the party at the taking of the deposition produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of Rule 26(b). The party deponent may, within 7 days after service of the notice, serve upon the party taking the deposition written objection to inspection or copying of any or all of the designated materials. If objection is made, the party taking the deposition shall not be entitled to inspect the materials except pursuant to an order of any Superior Judge. The party taking the deposition may move at any time for an order under Rule 37(a) with respect to any objection to the request or any part thereof, or any failure to produce or permit inspection as requested.

The federal counterpart to that Rule more simply provides: "If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as

4

set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2).

The Reporter's Notes to the Vermont Rule explain: "Rule 30(b)(5) is intended to make clear that production of documents and other things needed as a basis for the examination may be requested in the notice of taking of a deposition of a party, just as a subpoena duces tecum under Rule 45(d) may be used for a nonparty deponent. Rule 34, rather than this rule, should be used where the primary purpose is inspection of the documents rather than examination of the witness." Reporter's Notes, Vt. R. Civ. P. 30.

The Advisory Committee Notes to the federal rule say this: "Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery." Advisory Committee Notes—1970 Amendment, Fed. R. Civ. P. 30.

The State's Rule 30(b)(5) requests are inappropriate. They are sweeping requests for broad written discovery, not a "few and simple" requests for documents to facilitate the deposition. And the Rule is intended to require production at the deposition. The State is insisting on production in advance of the deposition, ostensibly so that it can prepare for the deposition. It is clear that the State is

5

using its Rule 30(b)(5) requests to avoid the long-expired deadline for written discovery and enter into a wholly new wave of it. The scheduling order clearly says, however: "All written Discovery shall be sent to the opposite party no later than October 1, 2022. Answers thereto shall be sent no later than per rule."

The State's Rule 30(b)(5) requests are time-barred requests for more written discovery. At the federal level, numerous cases have made similar holdings under similar circumstances, and the Court finds their views persuasive. *See, e.g., Olmstead v. Fentress County, Tennessee*, No. 2:16-cv-00046, 2018 WL 6198428, *3 (M.D. Tenn. Nov. 28, 2018) ("[S]ubpoenas are discovery devices that are subject to the discovery deadlines in a scheduling order."); *Singleton v. Jupiter Communities, LLC*, No. 2:12-cv-02056-JAD-PAL, 2014 WL 251659, *3 (D. Nev. Jan. 22, 2014) ("[T]he subpoena duces tecum was issued after the deadline for serving written discovery in time for Defendant to respond before the discovery cutoff, and therefore intended to circumvent the court imposed deadline."); *Front-Line Promotions & Marketing, Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, *5 (E.D. La. Apr. 2, 2009); *E.E.O.C. v. American Medical Response*, No. 17-cv-2725-MSN-tmp, 2019 WL 396805, *2–3 (W.D. Tenn. Jan. 2, 2019); *In re Northwestern Corp.*, No. 03-12872, 2007 WL 2460605, *3 (D. Del. Aug. 29, 2007); *Nexus Solutions Group, Inc. v. Parametric Technology Corp.*, No. CV 04-312-S-BLW, 2005 WL 8165549, *1 (D. Idaho Dec. 16, 2005); *see also McWreath v. Cortland Bank*, No. 2010-T-0023, 2012 WL 2522933, *15 (Ohio Ct. App. June 29, 2012). The State cites no meaningful authority to the contrary.

Rule 30(b)(5) does not require a motion to quash. In the event of an objection, the party seeking the discovery must file a Rule 37(a) motion to compel. To the extent that the State's motion is predicated on its Rule 30(b)(5) requests, it is denied.

### 2. Production of the Databases, Expertise, and Related Resources

To the extent that the State may still be requesting the production of the databases themselves, including related "expertise" and "resources," that request also is denied. The State has failed to demonstrate any basis for such unconventional and extraordinary relief, and it has not detailed, *see* Vt. R. Civ. P. 26(h), what it thinks Hayek has failed to produce that is responsive to its timely requests, much less that any such failures are reasonably attributable to bad faith.

### 3. Special Master

For similar reasons, the Court also declines to appoint a special master to deal with this or any future discovery disputes. *See* 9C Arthur R. Miller, *et al., Fed. Prac. & Proc. Civ.* § 2601 (3d ed.) ("[R]eference to a master is justified only in very rare cases.").

Hayek argues that a special master under Rule 53 also would be inappropriate (absent agreement of the parties, of which there is none) because this is a jury case, and the rule provides: "In actions to be tried by a jury, a reference shall be made only when an investigation of accounts or an examination of vouchers is required." Since those matters are not at issue here, it maintains a special master may not be appointed under the Rule. The Court agrees.

7

Moreover, Vermont's Rule 53 does not appear calculated to encompass the pretrial and post-trial uses of special masters that are expressly available in other jurisdictions by rule. The federal rule, for example, more broadly allows for the appointment of a special master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C); *see also* 9C Arthur R. Miller, *et al., Fed. Prac. & Proc. Civ.* § 2601 (3d ed.) (noting that the federal rule "was revised substantially in 2003" to cover the use of masters in "a variety of pretrial and post-trial functions").

Similarly, the federal rule also allows the Court to apportion the expense of the special master among the parties. Fed. R. Civ. P. 53(a)(3). Under Vt. R. Civ. P. 53(a), by contrast, "The compensation to be allowed to a master shall be fixed by the court, and such compensation and necessary expenses incurred by a master as allowed by the court, shall be paid by the state as provided by law." There is no Vermont law providing compensation for the appointment of masters, however. The Reporter's Notes refer to 32 V.S.A. § 1758, but the relevant part of that statute merely says: "Unless otherwise provided, the pay and the expense allowance for commissioners, masters, auditors, and referees shall be fixed by the court or by the presiding judge thereof and paid by the State." 32 V.S.A. § 1758(a). The Supreme Court has said that the Court can order the parties to split the cost, but only where they have voluntarily agreed to use the master, at least in certain circumstances. *See generally Oehler v. Pyskacek*, 171 Vt. 538, 541 (2000). Nothing like the

8

circumstances of *Oehler* are present here. And, the State has not identified any source of funds for a special master in this case.

In any event, apart from Rule 53, the State argues that the Court has inherent authority to appoint a special master to deal with a pretrial issue such as discovery. There is some support for that notion, at least in the absence of an applicable rule. *See In re Peterson*, 253 U.S. 300, 312 (1920) ("Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments [such as a special master] required for the performance of their duties."); *In re Adoption of Baby G.*, 195 P.3d 377, 378 n.1 (Okla. 2008) ("[T]he power to appoint special masters is an inherent power of the judiciary."); *Aluise v. Nationwide Mut. Fire Ins. Co.*, 625 S.E.2d 260, 273 (W. Va. 2005); *State v. Doe*, 603 P.2d 731, 734 (N.M. 1979) ("[I]t is generally recognized that the district court has inherent power to appoint special masters. This is an inherent power of the judiciary."); *Alston & Bird, LLP v. Mellon Ventures II, L.P.*, 706 S.E.2d 652, 660 (Ga. Ct. App. 2010).

Here, it is unnecessary for the Court to wade into the murky depths of its intrinsic authority. Even assuming it has some limited power in that regard, such relief would be extraordinary. The State has not convinced the Court that such relief is warranted in this case.

This case has been pending since July 2020. Discovery is supposed to be complete and the case ready for trial by June 16, 2025. The Court notes that the first potentially dispositive motion—the State's motion for summary judgment—has

9

just been filed. Any continuing obligations to produce written discovery are duties of supplementation and correction. *See* Vt. R. Civ. P. 26(e). The Court expects those responsibilities to be met in full. To the extent that litigation around the State's current motion to compel may have sharpened focus on materials sought by the State, Hayek should expedite any further supplementation that is required by the rules.

### Conclusion

For the foregoing reasons:

(1)    The State's motion to compel is denied.

(2)    Hayek shall complete any supplementation that it now diligently and reasonably anticipates within 21 days.

(3)    If there remains any dispute as to Hayek's discovery responses at that time, the parties shall promptly confer by video or in-person under Vt. R. Civ. P. 26(h) in an effort to resolve the matter in a mutually acceptable manner and avoid involving the Court.

(4)    To the extent further Court involvement may be required, the Court requires strict compliance with the spirit of Rule 26(h). Particular disputes must be detailed with specificity. Each specific request for production must be identified clearly; any responsive production must be described clearly; the asserted deficiency must be described clearly; and progress or lack thereof that occurred at the conference also must be detailed.

Electronically signed on Thursday, May 8, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge