574 P.2d 1021
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3244.**

Court of Appeals of New Mexico.

Jan. 24, 1978.

Dahl L. Harris, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

This is an interlocutory appeal arising out of the denial of John Doe's motion to dismiss a petition for delinquency filed by the State in the Children's Court. We reverse.

Supreme Court Rule 23(c)(1) of the Rules of Procedure for the Children's Code [§ 13–14A–23(c)(1), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976 Supp.)] provides that the petition ". . . shall be filed: . . . within 30 days from the date the preliminary inquiry was concluded if the child is not in detention." John Doe was not in detention. The petition for delinquency was filed *34* days after the conclusion of the preliminary inquiry.

Rule 23(c)(1) is mandatory. However, the Supreme Court Rule does not provide

for dismissal of a petition for failure to file the petition within the 30 day time period.

It has been suggested that Rule 7(b), a rule that gives the Children's Court authority to enlarge the time for an "act" to be done, mandates the Children's Court and this Court to dismiss the petition with prejudice upon failure of the State to seek an enlargement of time in which to file the petition.

Rule 7(b) reads in pertinent part: When, by these rules . . . *an act* is required or allowed to be done at or within a specified time, the court for cause shown, may, *at any time in its discretion:*

\* \* \* \* \* \*

(2) Upon motion made after the expiration of the specified period, permit *the act to be done.* The court may not extend the time for commencement of a detention hearing . . . unless the attorney for the respondent agrees in writing to an extension. [Emphasis added.]

Given a broad meaning, "the act to be done" does include the act of filing a petition. The petition was filed after the 30 day period had expired and the State did fail to file a motion for an extension of time in which to file the petition.

This rule does allow the court, in its discretion, to enlarge the time for filing the petition. But it does not indicate that, upon failure of the State to move for an enlargement of the time in which to file a petition, the Children's Court loses jurisdiction or that it requires the petition to be dismissed with prejudice.

Nevertheless, Section 13–14–14(D), N.M.S.A. 1953 (Repl.Vol. 3, pt. 1) contains in pertinent part a statutory provision that: On motion by or on behalf of a child a petition alleging delinquency or need of supervision *shall be dismissed with prejudice* if it was not filed within forty-five [45] days from the date the complaint was referred to probation services. [Emphasis added.]

In the instant case, a complaint was made to probation services and notice of the preliminary inquiry was given to John Doe on June 3, 1977. The petition was filed on July 19, 1977, at least *46 days* thereafter. Under this statutory provision, the petition for delinquency would be dismissed with prejudice.

There is a conflict between Rule 23(c)(1) and § 13–14–14(D) as to the *time period* the petition must be filed. As to this *time period,* the Supreme Court Rule is controlling, *State v. Doe,* 90 N.M. 568, 566 P.2d 117 (Ct.App.1977).

However, we find no conflict on the subject of dismissal with prejudice. When a petition is not filed within the mandatory time period, it must be dismissed with prejudice.

In *State v. Doe,* supra, we note that a conflict did exist in the time period as to when a hearing must begin. This conflict existed between Section 13–14–26(C) and Supreme Court Rule 34(a). The opinion set forth that the Committee Commentary stated that "Rule 34 supersedes Section 13–14–26, N.M.S.A. 1953 Comp." In the instant case, the Committee Commentary does not state that Rule 23(c) supersedes Section 13–14–14(D). These are committee approved commentaries. This means that the Supreme Court Children's Court Rules Committee did not intend to abandon dismissal of a petition with prejudice belatedly filed. The views of the Committee are not necessarily those of the Supreme Court, but the Committee Commentary stated in *State v. Doe* was of significance to this Court.

We have held that the failure to hold a hearing within a time period of 20 days under Section 13–14–26 prior to its amendment was subject to dismissal with prejudice. *Doe v. State,* 88 N.M. 644, 545 P.2d 1022 (Ct.App.1976). We have also held that the legislature intended the prompt adjudication of cases. *Doe v. State,* 88 N.M. 347, 540 P.2d 827 (Ct.App.1975).

It is the State's position that, in the absence of a requirement of dismissal of a petition in Rule 23(c), the question becomes

one of judicial discretion. Cited in support thereof are *Matter of Jane Doe,* 88 N.M. 505, 542 P.2d 1195 (Ct.App.1975) and *Matter of John Doe,* 88 N.M. 481, 542 P.2d 61 (Ct.App.1975). *John Doe* does not reach the matter of judicial discretion. *Jane Doe* says:

It is implicit in the language of the Children's Code that the Children's Court is vested with a broad discretion in hearing and deciding matters under it . . . [88 N.M. at 511, 542 P.2d at 1201.]

This rule was made applicable to a decision of the Children's Court after a hearing was held. It does not apply to granting or denying motions filed in the case. When a judge grants or denies a motion, the action taken is either correct or erroneous. Judicial discretion does not apply.

The Children's Court judge released John Doe to his parents. He was not detained in the Bernalillo County Detention Home. This action indicates that it was taken in accord with the legislative purpose of the Children's Code—to preserve the unity of the family whenever possible and to remove from children committing delinquent acts, the consequences of criminal behavior. Section 13–14–2, N.M.S.A. 1953 (Repl.Vol. 3, pt. 1). Perhaps the parents will provide adequate supervision, care and rehabilitation of John Doe who is 14 years of age.

We hold that the petition was not filed within the time period provided by law. We reverse and remand to the Children's Court with instructions to dismiss the petition with prejudice.

IT IS SO ORDERED.

B. C. HERNANDEZ, J., specially concurring.

LOPEZ, J., concurs.

HERNANDEZ, Judge (specially concurring).

I concur in the result only.

I do not see that there is any conflict among Rules 7(b)(2) and 23(c)(1) (§§ 13–14A–7(b)(2) and 13–14A–23(c)(1), N.M.S.A. 1953 (Repl.Vol. 3, pt. 1, Supp.1976)) and

§ 13–14–14(D), N.M.S.A. 1953 (Repl.Vol. 3, pt. 1, 1976). These sections occur in the Children's Code (§§ 13–14–1 through 13–14–45, N.M.S.A. 1953 (Repl.Vol. 3, pt. 1, 1976)), passed by the Legislature, and the Children's Court Rules of Procedure (§§ 13–14A–1 through 13–14A–47, N.M.S.A. 1953 (Repl.Vol. 3, pt. 1, Supp.1976)), promulgated by the Supreme Court for the purpose of enforcing the Children's Code. The two chapters are closely related in subject-matter and purpose, and their parts must be construed in connection with each other so as to produce a harmonious whole. *Trujillo v. Romero,* 82 N.M. 301, 481 P.2d 89 (1971); *City of Las Cruces v. Davis,* 87 N.M. 425, 535 P.2d 68 (Ct.App.1975).

Rule 23(c)(1) states:

"(c) Time Limits. Petitions shall be filed:

(1) Within 30 days from the date the preliminary inquiry was concluded if the child is not in detention . . . ."

Section 13–14–14(D) states:

"D. . . . . On motion by or on behalf of a child a petition alleging delinquency or need of supervision shall be dismissed with prejudice if it was not filed within forty-five [45] days from the date the complaint was referred to probation services."

Section 13–14–14(D) means that the period consumed by the preliminary inquiry plus the period for filing the petition may not total more than 45 days. In the ordinary case, 15 days are allowed for the preliminary inquiry and 30 days are allowed thereafter (under Rule 23(c)(1)) for filing the petition. If the preliminary inquiry takes more than 15 days, however, the period for filing the petition is reduced accordingly so that the two periods together do not total more than 45 days.

Rule 7(b)(2) states:

"(b) Enlargement. When, by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion:

. . . . . . .

(2) Upon motion made after the expiration of the specified period, permit the act to be done. . . ."

This rule applied to both Rule 23(c)(1) and § 13–14–14(D). If the preliminary inquiry takes 15 days, the filing period under Rule 23(c)(1) runs out on the 45th day. If the petitioner has not filed by the 45th day, it may move for an extension under Rule 7(b)(2), so that the petition will actually be filed after the expiration of the 45-day limit set by § 13–14–14(D). If the preliminary inquiry takes fewer than 15 days (10, for example), the 30-day filing period of Rule 23(c)(1) runs out before the expiration of the 45-day limit of § 13–14–14(D) (on the 40th day, in the example given). Even though the 45-day limit has not run, petitioner must use the motion procedure of Rule 7(b)(2) to file after the 40th day. Conversely, if the preliminary inquiry takes more than 15 days (20, for example), the period for filing is shortened (to 25 days in this example in order to fit within the 45-day limit of § 13–14–14(D)). In this example, petitioner must therefore use the mo-tion procedure of Rule 7(b)(2) to file after the 45th day, even though the 30-day period of Rule 23(c)(1) has not expired.

In the instant case, the notice of preliminary inquiry was sent June 3, 1977. The preliminary inquiry was concluded June 15. Under Rule 23(c)(1), plaintiff had 30 days after June 15 in which to file the petition. The petition was not filed until July 19, 1977, 33 days after June 15 and 46 days after opening the preliminary inquiry. Having exceeded the time limits of both Rule 23(c)(1) and § 13–14–14(D), plaintiff was not entitled to file the petition except on motion under Rule 7(b)(2) and at the Court's discretion. Since no motion was entered, the petition should have been dismissed with prejudice.