595 P.2d 1221

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 3830.**

Court of Appeals of New Mexico.

May 8, 1979.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves the dispositional aspect of a children's court proceeding. Two issues are dispositive, they are: (1) was there a violation of Children's Ct. Rule 49(b); and (2) if this rule was violated, what is the consequence of the violation? References to rules in this opinion are to the Children's Court Rules.

On June 26, 1978, the child admitted the delinquent act alleged in each of the two petitions; the admissions were accepted by the court on that date. The court adjudged the child to be delinquent and in need of care or rehabilitation. See *Doe v. State*, 92 N.M. 74, 582 P.2d 1287 (1978). The child was committed to a diagnostic center in Albuquerque for 60 days to undergo a psychiatric evaluation. The court's orders specified that the child was not to be held more than four days after the evaluation and, upon completion of the evaluation, was to be returned to Carlsbad. The court also ordered that the child remain in detention until transported to Albuquerque.

The child was detained from June 26 until July 6, 1978, when he was taken to Albuquerque. The evaluation was completed by August 15th; however, in violation of the court's orders, the child was not returned to Carlsbad until September 9, 1978. The violation of the court's orders, in holding the child in Albuquerque more than four days after the evaluation was completed, is not an issue in this appeal.

The court's orders did not specify whether the child was to be detained upon being returned to Carlsbad. Upon the child's return to Carlsbad, the child was released to his mother.

A dispositional hearing on both petitions was held on September 20, 1978. At the hearing, the child maintained that he was entitled to be released because there was no disposition within 75 days of his admissions. The court disagreed and committed the child to the Boys' School. The child appeals. *Children's Court Rule 49(b)*

This rule states:

(b) *Time Limits.* When the respondent is in detention, the dispositional hearing shall begin within twenty days from the date the adjudicatory hearing was concluded or an admission of the factual allegations of the petition was accepted by the court, except as provided herein. The court may order that the respondent be transferred to an appropriate facility of the Department of Corrections for a period of not more than sixty days for purposes of diagnosis. If the respondent is so transferred, the dispositional hearing shall begin within seventy-five days from the date the adjudicatory hearing was concluded or an admission of the factual allegations of the petition was accepted by the court.

The State contends this rule was inapplicable. Under Rule 7(a), the day of the child's admissions, June 26th, is not to be counted. The 75th day, from June 26th, was September 9th. However, September 9, 1978 was a Saturday and, thus, not to be counted under Rule 7(a). The 75th day was the following Monday, September 11, 1978.

The child was not in detention on September 11, 1978, having been released on September 9, 1978. Because not in detention on the 75th day, the State contends the time provision in Rule 49(b) does not apply. We disagree.

The first sentence of Rule 49(b) refers to a child in detention; the dispositional hearing "shall begin" within 20 days of the child's admission "except as provided herein."

The exception is stated in the second and third sentences of Rule 49(b). The second sentence authorizes a 60-day diagnostic evaluation. The third sentence states a 75-day time limit when there has been a diagnostic evaluation. When there has been a diagnostic evaluation, the dispositional hearing "shall begin" within 75 days from the date the child's admissions were accepted.

Rule 49(b) implies that a court-ordered diagnostic evaluation is a form of detention. When that form of detention occurs, under the rule, the 75-day period applies. The

rule does *not* state that the dispositional hearing must begin before the child has been in detention for 75 days; rather, the rule states a 75-day time limit when there has been a court-ordered diagnostic evaluation regardless of the number of days in detention. This view is supported by the Committee Commentary to Rule 49(b) which distinguishes between detention and a court-ordered diagnostic evaluation. The commentary states: "Rule 49(b) establishes time limits for beginning the dispositional hearing if the respondent is in detention *or* if the respondent is transferred to a corrections division facility for diagnosis. . . The fifteen-day leeway [75 days minus 60 days for evaluation] is allowed to provide adequate time for receipt and examination of diagnostic reports." (Our emphasis.)

The dispositional hearing, held September 20, 1978, did not begin within the 75-day period provided by Rule 49(b). The time provision of the rule was violated.

*The Consequence of the Rule Violation*

There is no express provision, either in the Children's Code or in the Children's Court Rules, which states the consequence of a violation of Rule 49(b). A comparison of other time limit provisions provides little assistance because the treatment of time limit provisions is not uniform. In the following comparisons, our concern is not with differing time periods but with the consequence of a violation of the time periods.

(a) Section 32–1–14(B), N.M.S.A.1978 states a time limit for completing the preliminary inquiry. Rule 19(a) also states time limits for a preliminary inquiry. Neither the statute nor the rule states a consequence for a violation of the time limit.

(b) Section 32–1–14(D), N.M.S.A.1978 states a time limit for filing the petition; Rule 22(c) states a time limit for filing the petition. The statute provides for dismissal with prejudice if the time provision is violated. The rule does not state a consequence for a violation of its time limits. Inasmuch as the statute provided for dismissal, and the rule was silent, the statuto-

ry dismissal provision was applied. *State v. Doe*, 91 N.M. 393, 574 P.2d 1021 (Ct.App. 1978).

(c) Section 32–1–28, N.M.S.A.1978 and Rule 46 state time limits for commencing an adjudicatory hearing; both provide for dismissal if the adjudicatory hearing is not commenced within the time limits.

(d) The statute provides no time limits for a dispositional hearing. Section 32–1–31(F) and (H), N.M.S.A.1978 authorize postponed dispositional hearings. Rule 49(b) provides a time limit for a dispositional hearing only when the child is in detention or when there is a court-ordered diagnostic evaluation; if neither of these two situations apply, the rule does not impose a time limit.

Although the above comparisons show a lack of uniformity as to the consequence of a violation of time requirements, the comparison also shows that time is considered important in the processing of a delinquency petition to a conclusion. The importance of the time requirement is emphasized for dispositional hearings by stating the time requirement in mandatory terms—the hearing "shall" begin in a specified time.

The State, disregarding the mandatory aspect of the time requirement for dispositional hearings, suggests that dismissal for violation of the time requirement in Rule 49(b) should only occur when the child affirmatively demonstrates prejudice. This argument, if accepted, would deprive the time requirement of all meaning; relief from demonstrated prejudice is available under constitutional due process, regardless of time requirements. Consistent with its claim that dismissal should occur only for demonstrated prejudice, the State fails to suggest that any consequence results from violating the time requirements of Rule 49(b).

The purpose of time requirements is to insure prompt handling of children's court matters. See *Doe v. State*, 88 N.M. 644, 545 P.2d 1022 (Ct.App.1976). Rule 2

requires the rules to be construed to secure simplicity in procedure and the elimination of unjustifiable delay. Consistent with Rule 2, and giving effect to the mandatory aspect of the time requirements, we hold that the consequence of violating Rule 49(b) is dismissal. See *State v. Doe*, 91 N.M. 393, 574 P.2d 1021, supra. There is no issue of waiver because the child raised the mandatory time requirement of Rule 49(b) at the dispositional hearing.

The children's court's judgments and dispositions are reversed; the cause is remanded with instructions to dismiss the petitions.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.