609 P.2d 729

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 4156.**

Court of Appeals of New Mexico.

March 25, 1980.

John Bigelow, Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

ANDREWS, Judge.

This appeal involves the issue of waiver of the mandatory time requirements of Children's Court Rule 49(b), N.M.S.A. 1978 (Repl.1979).

After trial to a jury, January 23, 1979, the child was adjudicated a delinquent in need of care and rehabilitation and was committed to the Youth Diagnostic Center (YDC) for a sixty day evaluation. The child sought to delay his transportation to the YDC so that he could attend to a medical matter. The court granted the request and ordered that the child admit himself to the YDC on January 29, 1979. The child did not report until January 30, 1979.

A hearing on final disposition was set for April 9, 1979, and rescheduled for April 10, 1979. After the child's original attorney withdrew, and in response to the newly retained lawyer's request for continuance and that he would waive any time limitation problems occurring after April 10, 1979 the court granted a continuance of the dispositional hearing. At this hearing, finally held May 2, 1979, the child's attorney asserted his belief that the court was without jurisdiction to enter a final disposition in this cause. The court then ordered that the child be given a suspended sentence to the New Mexico Boy's School, and placed the child on probation for one year.

 Children's Court Rule 49(b) provides: If the respondent is so transferred [to a facility for diagnostic treatment], the dispositional hearing shall begin within seventy-five days from the date the adjudicatory hearing was concluded . . .

The adjudicatory hearing in this case was concluded on January 23, 1979. Seventy-five days after January 23, 1979 was April 8, 1979. Because April 8th was a Sunday, the effective end of the time period was April 9th. *See* Children's Court Rule 7. Even if the dispositional hearing had been held, as originally scheduled, on April 10th, the time limit would have been violated. *State v. Doe*, 93 N.M. 31, 595 P.2d 1221 (Ct.App.1979), requires dismissal of the petition.

 The State, of course, seeks to avoid this result, and argues that by requesting a delay in the time by which he had to report to the YDC, the child has waived the time limit, either because during the requested delay the time limit was tolled, or because the child's appearance at the YDC one day late established a different schedule for the application of Rule 49(b). Neither argument is persuasive. We see no sound reason nor has one been called to our attention why waiver should apply. The fact of the medical delay or the going one day late to the YDC had no bearing on when the hearing of April 10, 1979 was scheduled. Waiver cannot be said to apply under these circumstances. *See State v. Martinez*, 79 N.M. 232, 441 P.2d 761 (1968). For the same foregoing reasons we do not see a tolling of the time.

The language of the rule states that the seventy-five day period begins with the date the adjudicatory hearing was completed. In *State v. Doe, supra*, this Court stated:

The rule does *not* state that the dispositional hearing must begin before the child has been in detention for seventy-

five days; rather, the rule states that a seventy-five day time limit when there has been a court-ordered diagnostic evaluation regardless of the number of days in detention. [Emphasis in original].

Thus, the focus is not upon when the detention for diagnosis occurs; rather, the focus is upon when the adjudication was completed. The Children's Court's view and that taken by the State on appeal are inconsistent with this interpretation. The seventy-five day provision is applicable when a diagnostic evaluation is ordered; but the counting of that time limit begins with the date the adjudicatory proceeding ended regardless of when the evaluation was ordered or when the evaluation actually begins.

While lesser periods could be ordered, Children's Court Rule 49 provides a maximum period of sixty days for diagnosis. A fifteen day difference (seventy five days less the sixty days allowed for diagnosis) comes into play where the child is ordered to diagnosis at the time of his adjudication. According to the New Mexico's Children's Court Rules, Committee Commentary, the fifteen-day leeway "is allowed to provide adequate time for receipt and examination of diagnostic reports" at what is often the "crucial stage in Children's Court proceedings." The leeway also provides a cushion when transportation or other problems arise. No other cushion is allowed. In this case, the time limits of Rule 49(b) were violated. Consequently, the delinquency petition must be dismissed. The child did not waive the time limit of Rule 49(b) either by requesting a delay in transportation to the YDC or by requesting a continuance of a dispositional hearing which itself would have been untimely.

Other issues raised need not be discussed in view of this holding.

The case is remanded to the Children's Court with instructions to dismiss the petition.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.